Richard A. Brook (RAB 7355)
Robert Marinovic (RM 9926)
Marie B. Hahn (MH 2183)
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 1420
New York, New York 10018
(212) 239-4999
rbrook@msek.com
rmarinovic@msek.com
mhahn@msek.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                        :
THOMAS SALERNO, ROVERT BENJAMIN,                                        :
JOSEPH BORGELLA, PIERRE M BOURDEAU,                                     :
VICTOR DANIS, JOSE SERRANO, RENEE                                       :
JEAN-LOUIS, ANA LAURA HERNANDEZ,                                        :
IVANA PAGANO, ERIC McCARTHY, MARK                                       :
PEAY, AND JOANNA CHIOFFE,                                               : Case No. _____
                                                                        :
              Plaintiffs,                                               : NOTICE OF REMOVAL
                                                                        :
       -against-                                                        :
                                                                        :
TOMAS FRET, JOE MICCIULLI, CAROLYN                                      :
RINALDI, ANTHONY CORDIELLO, GEORGE                                      :
SAINT-VICTOR, CARLOS ARCADIO FRET                                       :
JUNIOR, NICKO HEDGE, JOHN CLEARY,                                       :
FRED ANDREANI, EDUARDO ROYAS, MIKE                                      :
FINGER, JOHN DELOATCH AND                                               :
AMALGAMATED TRANSIT UNION                                               :
LOCAL 1181,                                                             :
                                                                        :
              Defendants.                                               :
                                                                        :
----------------------------------------------------------------------- X

TO:    CLERK, United States District Court
       for the Southern District of New York

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, the above-captioned action, commenced in the Supreme Court of the State of New York, County of New York, is hereby removed to the United States District Court for the Southern District of New York.

PRELIMINARY STATEMENT

1.   This case involves a challenge to an internal union election for officers of Local 1181-1061, Amalgamated Transit Union, AFL-CIO ("Local 1181" or "the Union") (misnamed in the caption as "Amalgamated Transit Union Local 1181").  Plaintiffs comprised the Salerno Local 1181 Slate ("Salerno Slate") and were unsuccessful candidates in that election.  Ballots were counted on June 6, 2025, and the American Arbitration Association issued its Certification of Results on June 9, 2025.

2.   On or about September 15, 2025, plaintiffs filed a proceeding in state court alleging violations of Local 1181's pertinent governing documents in the election and seeking relief therefor, including holding a new election and barring two allegedly ineligible candidates from running in the new election.  See Verified Petition at 2-3 ¶ 4; id. at 12-13 (Request for Relief).[1]

3.   Title IV of the federal Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 481, et seq., governs Local 1181's officer elections and completely preempts plaintiffs' claims in the Verified Petition.  The LMRDA expressly identifies as the

---

[1] Plaintiffs also filed challenges to the election with the Union pursuant to Local 1181's governing documents, to which plaintiffs are bound as Local 1181 members.  On September 23, 2025, Local 1181's Executive Board rejected the challenges and, at a membership meeting on September 29, 2025, Local 1181's members approved the Executive Board's decision.  Plaintiffs have additional internal union appeals available which plaintiffs are bound by Local 1181's governing documents to exhaust before pursuing other legal remedies.

exclusive external remedy for post-election challenges to union officer elections – such as those plaintiffs set forth in the Verified Petition – filing a complaint with the U.S. Secretary of Labor. The LMRDA authorizes the Secretary of Labor to bring a claim in federal court if the Secretary finds probable cause to believe that a violation occurred.  Accordingly, this case is removable to this Court.

4. In addition, plaintiffs' claims in the Verified Petition are completely preempted by Section 301 of the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  The Verified Petition purports to assert violations of the By-Laws of Local 1181-1061, ATU ("Local 1181 By-Laws") but includes numerous references to the ATU Constitution and General Laws ("ATU Constitution"), a contract between labor organizations within the meaning of Section 301 ("Section 301 contract").  Both the ATU Constitution and the Local 1181 By-Laws are governing documents that set forth the rules applicable to Local 1181 officer elections.  Pertinent provisions of the Local 1181 By-Laws incorporate terms of the ATU Constitution.  Thus, plaintiffs' claims arise under Section 301 and this case is removable to this Court.

5. Regardless of how plaintiffs' claims are denominated, they substantially depend upon interpretation of a Section 301 contract (the ATU Constitution) and, therefore, the state law claims plaintiffs seek to pursue are completely preempted by Section 301 and removable to this Court.

## THE PARTIES

6. Defendant Local 1181 is a "labor organization" within the meaning of the LMRDA, 29 U.S.C. § 402(i), Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and the LMRA, 29 U.S.C. § 142(3) (incorporating the NLRA definition of

"labor organization").  Local 1181 is an unincorporated association of more than 13,000 members.[2]

       7.      Defendants Tomas Fret, Carolyn Rinaldi, Joe Micciulli, and Anthony Cordiello are, respectively, President/Business Agent, Vice President, Financial Secretary-Treasurer, and Recording Secretary of Local 1181.

       8.      Defendants Fred Andreani, John Deloatch, Georges Saint-Victor (misnamed in the caption as "George Saint-Victor"), Nicko Hedge, John Cleary, Mike Finger, Eduardo Rojas (misnamed in the caption as "Eduardo Royas"), and Carlos Arcadio Fret Junior are Executive Board Members of Local 1181.

       9.      Defendants other than Local 1181 were most recently elected to those offices in June 2025.

       10.      Plaintiffs are members of Local 1181, comprised the Salerno Slate in the June 2025 election, and were unsuccessful candidates in that election.  As of the time of the election in June 2025, plaintiffs were employees of private sector employers.

## THE ACTION

       11.      On or about September 15, 2025, plaintiffs (as petitioners) filed a Verified Petition in the Supreme Court of the State of New York, New York County, Index No. 162280/2025, purporting to seek relief under Article 78 of the New York Civil Practice Law and Rules for alleged violations by defendants of the Local 1181 By-Laws and the ATU Constitution, Local 1181's pertinent governing documents, in the administration of the June 2025 election.  Copies of the Verified Petition and all process, pleadings, and orders that

---

[2] Nearly 90 percent of Local 1181's non-retired members work for private sector employers.

4

Defendant Local 1181 has received are attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

12. Upon information and belief, no further proceedings have been had in connection with the Verified Petition.

## GROUNDS FOR REMOVAL

13. The assertion of a single federal claim by plaintiffs is sufficient for removal. 28 U.S.C. § 1441(a) and (c) provide, in pertinent part:

> (a) GENERALLY.-
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
> \*      \*      \*
> (c) JOINDER OF FEDERAL LAW CLAIMS AND STATE LAW CLAIMS.-
>    (1) If a civil action includes—
>       (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>       (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

Accordingly, defendants may properly remove the entire action if one or more of plaintiffs' claims arise under federal law.

14. In the Verified Petition, plaintiffs seek relief for alleged violations by defendants of the Local 1181 By-Laws and the ATU Constitution during the election and the processing of election challenges. See Verified Petition at 2 ¶¶ 3, 4; id. at 5 ¶ 16; id. at 7 ¶ 33; id. at 11 ¶ 61; id. at 12 ¶¶ 67-69; id. at 12-13 (Request for Relief). The Verified Petition also alleges that certain actions during the election "violate[d] [provisions of] the [LMRDA], which mandate equal opportunity for all candidates to engage in [sic] the electorate [sic]." Id. at 9 ¶ 46.

5

15. Even if plaintiffs only intended to set forth state law claims, federal law completely preempts state law claims that would regulate Local 1181's performance of its duties in connection with the June 2025 officer election because such conduct is governed by the LMRDA, which provides the exclusive remedy for challenging a completed union election. 29 U.S.C. § 483 ("The remedy provided by this subchapter for challenging an election already conducted shall be exclusive."). The LMRDA requires that such union elections be conducted in accordance with the union's governing documents and other requirements of the LMRDA, 29 U.S.C. § 481, and provides members recourse. Specifically, after members exhaust internal union procedures or attempt to do so but receive no final union decision within three months, members may file complaints with the Secretary of Labor, who in turn has the exclusive right, upon finding probable cause to believe that a violation occurred, to bring a claim in federal court. 29 U.S.C. §§ 482, 483.

16. Because plaintiffs' claims require evaluation of Local 1181's conduct of a completed election, the claims are completely preempted by, arise under, and must be decided solely upon the basis of, federal law. Porch-Clark v. Engelhart, 930 F.Supp.2d 928, 935 (N.D. Ill. 2013) (complaint challenging a union election without referencing the LMRDA was nevertheless completely preempted, dismissing complaint);[3] Pettaway v. Houston Fed'n of Teachers, Local 2415, No. H-07-0922, 2007 WL 951564, at *3 (S.D. Tex. Mar. 27, 2007) (challenge to union election completely preempted by LMRDA); see also Calciano v. United Bhd. of Carpenters, No. 92 CIV 5715 (TPG), 1993 WL 138827, at *2, 4 (S.D.N.Y. Apr. 23, 1993) (denying remand and dismissing action because LMRDA provides the exclusive remedy

---

[3] In Porch-Clark, the Seventh Circuit affirmed the district court's denial of plaintiff's subsequent motion to set aside the dismissal. 547 F.App'x. 782 (7th Cir. 2013). The Seventh Circuit approved the underlying district court decision dismissing the complaint. Id. at 783.

6

for challenging a union election already conducted even where the plaintiff removed all references to the LMRDA in the complaint); Local No. 82, Furniture & Piano Moving Drivers v. Crowley, 467 U.S. 526, 540 (1984) (LMRDA Title IV provides the exclusive remedy for challenging an election already conducted).

17.     The Verified Petition asserts that Local 1181 "is a public sector union" and that, therefore, petitioners may seek redress in state court. See Verified Petition at 3 ¶ 5.  As stated above, see supra n.2, the large majority of Local 1181 members, including all plaintiffs at the time of the election, are employed by private sector employers.  Courts have referred to unions whose membership consists of public and private sector employees, like Local 1181, as "mixed unions," and "have held that the LMRDA grants federal courts subject matter jurisdiction over claims involving 'mixed unions' with both public sector and private sector members."  See Riordan v. NEC, No. 23-CV-881 (JPO), 2024 WL 1313614 (S.D.N.Y. Mar. 26, 2024) (collecting cases).  Accordingly, plaintiffs' challenges to Local 1181's election must be brought, if at all, in federal court by the Secretary of Labor and the LMRDA's complete preemption of plaintiffs' claims is sufficient grounds for removal to this court under 28 U.S.C. § 1441.[4]

18.     Plaintiffs' claims are also preempted by Section 301 of the LMRA because they substantially depend on analysis of the ATU Constitution.

19.     LMRA Section 301(a) gives this court original jurisdiction over "[s]uits for violations of contract between … labor organizations."  29 U.S.C. § 185(a).  Union constitutions are "contracts between … labor organizations" within the meaning of Section 301(a) because they create contractual obligations between affiliated labor organizations.  See

---

[4] Plaintiffs included the U.S. Department of Labor ("DOL") among the addressees on their letter setting forth election challenges (see Verified Petition at 8 ¶ 39) and seeking that the DOL investigate the election (id. at 10 ¶ 53) and supervise a new election (id. at 10 ¶ 57).

7

Wooddell v. IBEW Local 71, 502 U.S. 93. 98-99 (1991) (union constitutions constitute labor contracts under Section 301); United Ass'n of Journeymen and Apprentices v. Local 334, 452 U.S. 615, 624 (1981) (union constitutions are contracts between labor organizations within Section 301(a)); Wall v. Construction & Gen. Laborers' Union, Local 230, 224 F.3d 168, 178 (2d Cir. 2000) ("for preemption purposes, the term 'labor contract' includes union constitutions"); Burns v. American Fed'n of Teachers, No. 3:20-cv-01250, 2021 WL 4170680, at *4 (D. Conn. Sept. 14, 2020) ("it is well established that § 301 covers suits . . . where an individual union member brings an action against his union and its officers for alleged violations of a union constitution or bylaws"); Cestaro v. Prohaska, 669 F.Supp.3d 276, 280 (S.D.N.Y. 2023) (collecting cases).

20.     Since the ATU Constitution is a contract between the international union and its local affiliates, it is a contract between labor organizations within the meaning of Section 301(a).

21.     Section 301 preempts not only state law contract claims involving alleged breaches of Section 301 contracts, but any state law claim that substantially depends upon analysis of such a contract.  See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985) ("when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law") (citation omitted); Whitehurst v. 1199 SEIU United Healthcare Workers East, 928 F.3d 201, 206 (2d Cir. 2019) (resolution of a state law claim substantially dependent on analysis of a labor contract is preempted by Section 301 of the LMRA); see also Cestaro, 669 F.Supp.3d at 280 (state law claims turning on interpretation of a union constitution are preempted by LMRA Section 301);

Burns, 2021 WL 4170680, at *5-7 (union member's state law claim premised on national union's determination that the member could not run for local union office depends upon interpretation of the bylaws and constitutions and, accordingly, is preempted by the LMRA). Thus, claims requiring interpretation of the ATU Constitution are preempted by Section 301.

22. By the Verified Petition, plaintiffs directly allege that defendants violated the ATU Constitution in processing plaintiffs' election challenge. See Verified Petition at 2 ¶ 3. Plaintiffs also repeatedly reference Section 14.8 of the ATU Constitution as governing the processing of their election challenge, of which they now complain. See id. at 6-7 ¶¶ 26-32; id. at 11 ¶¶ 60-61. Accordingly, plaintiffs' claims are preempted by LMRA Section 301.

23. Even assuming that plaintiffs allege only violations of the Local 1181 By-Laws, and not the ATU Constitution, plaintiffs' claims are nevertheless preempted by Section 301 of the LMRA because the claims remain substantially dependent upon interpretation of the ATU Constitution. Plaintiffs repeatedly allege violations of the Local 1181 By-Laws. See Verified Petition at 5 ¶¶ 16, 17; id. at 6 ¶ 28; id. at 7 ¶¶ 33, 34. Nevertheless, the only section of the Local 1181 By-Laws cited in the Verified Petition is Article V Section 2, which explicitly references and relies on the ATU Constitution, and begins:

> Section 2. All candidates for office must be eligible under the *Constitution and General Laws of our Union*. Members to be eligible to run for office in this Local Union, must have complied with the provisions of the *General Constitution* and By-Laws of the Local Union.

Local 1181 By-Laws Art. V Sec. 2 (emphasis supplied). Therefore, evaluation of whether Local 1181 violated its By-Laws as plaintiffs allege requires analysis and interpretation of the ATU Constitution. Plaintiffs' claims are, therefore, preempted by Section 301 of the LMRA.

24. As plaintiffs' entitlement to relief, if any, necessarily arises under laws of the United States, defendants may remove plaintiffs' Verified Petition to this Court under 28 U.S.C. § 1441.

25. This Notice of Removal is timely filed by defendants within thirty (30) days after receipt on September 22, 2025 of the initial pleading setting forth the claims for relief as required by 28 U.S.C. § 1446(b).

26. Plaintiffs originally filed this case in state court in this District. Therefore, venue is proper in this Court. 28 U.S.C. § 1441(a).

27. No previous petition for removal of this proceeding has been made.

28. By filing this Notice of Removal, no defendant concedes that they were properly served with the Notice of Petition and Verified Petition for purposes of personal jurisdiction or waiving any defense related thereto.

29. Pursuant to 28 U.S.C. § 1446(d), defendants will provide written notice of the filing of this Notice of Removal to plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, to effectuate the removal of this civil action.

Dated: October 14, 2025
      New York, New York

                                    Respectfully Submitted,

                        By:    /s/*Richard A. Brook*
                               Richard A. Brook (RAB 7355)
                               Robert Marinovic (RM 9926)
                               Marie B. Hahn (MH 2183)
                               MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
                               1350 Broadway, Suite 1420
                               New York, New York 10018
                               (212) 239-4999
                               rbrook@msek.com
                               rmarinovic@msek.com
                               mhahn@msek.com

                               Attorneys for Defendants