UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS SALERNO, *et al.*,

                     Plaintiffs,

       -v-

TOMAS FRET, *et al.*,

                    Defendants.

25-CV-8491 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs Thomas Salerno, Rovert Benjamin, Joseph Borgella, Pierre Bourdeau, Victor Danis, Jose Serrano, Renee Jean-Louis, Ana Laura Hernandez, Ivana Pagano, Eric McCarthy, Mark Peay, and Joanna Chioffe (together, "Plaintiffs") brought this action in the Supreme Court of New York, New York County, against Defendants Tomas Fret, Joe Micciulli, Carolyn Rinaldi, Anthony Cordiello, George Saint-Victor, Carlos Arcadio Fret Junior, Nicko Hedge, John Cleary, Fred Andreani, Eduardo Royas, Mike Finger, John Deloatch, and Amalgamated Transit Union Local 1181 ("Local 1181") (together, "Defendants"), alleging that Defendants violated union bylaws and other governing rules in their administration of the June 2025 internal union election. (*See generally* ECF No. 1-1 ("Compl.").) Now before the Court is Defendants' motion to dismiss the complaint. (ECF No. 9.) For the reasons that follow, the Court grants the motion in its entirety.

## I.    Factual Background

The following facts are taken from the complaint and are presumed true for the purposes of this motion. *See Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).

Plaintiffs are members of Local 1181 who ran as a slate for Delegate positions in the union's internal election. (Compl. ¶¶ 1-12.) The election took place on June 6, 2025, and was

conducted by the American Arbitration Association; Plaintiffs were not ultimately elected as Delegates. (*Id.* ¶¶ 36-38.) Prior to the election, Plaintiffs had raised concerns about the eligibility of certain candidates, but were told by union officers that they could levy such challenges only after the election had taken place. (*Id.* ¶¶ 13-14, 19-20, 26.) On June 9, 2025, following the election, Plaintiff Rovert Benjamin emailed a letter to a suite of union members, union entities, and governmental bodies, alerting them to the purported ineligibility of certain candidates who had won the election, as well as unfair election practices that he alleges disadvantaged their slate of candidates. (*Id.* ¶¶ 39-45, 47-48.) The letter requested that the Department of Labor investigate the election, that the American Arbitration Association disclose full election records, that ATU International intervene, that the June 2025 election results be deemed invalid, and that a new election be ordered. (*Id.* ¶¶ 52-57.)

## II.    Procedural History

Following several rounds of correspondence between Benjamin and various union officers, Plaintiffs decided to bring this action against Defendants for "[i]gnoring petitioners' demands and not ruling on [their] challenges." (*Id.* ¶¶ 63, 65-66, 68.) On September 15, 2025, Plaintiffs filed suit in the Supreme Court of the State of New York, New York County, seeking relief under Article 78 of the New York Civil Practice Law and Rules for Defendants' purported violations of governing union rules in their handling of the June 2025 union election. (*See generally* Compl.) Defendants removed the case to this Court on October 14, 2025. (ECF No. 1.) On November 13, 2025, Defendants moved to dismiss the complaint (ECF No. 9) and filed an accompanying memorandum in support (ECF No. 11 ("Mem.")). Plaintiffs filed their opposition on January 13, 2026 (ECF No. 20), and Defendants filed their reply on February 13, 2026 (ECF No. 22).

### III.    Legal Standard

Defendants move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  The motion is more appropriately styled, however, as one brought under Rule 12(b)(6).  As the Second Circuit has stated, "[d]eterminations that a federal statute does not provide a private right of action are typically subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) . . . for failure to state a claim."  *Fair v. Verizon Commc'ns Inc.*, 621 F. App'x 52, 53 (2d Cir. 2015) (summary order) (collecting cases).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In ruling on a motion to dismiss, the Court must accept the plaintiff's factual allegations as true, "drawing all reasonable inferences in favor of the plaintiff."  *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).  Nonetheless, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678 (quotation marks omitted).

"[T]he Supreme Court has established the following order to be followed in determining whether the pleading is adequate:  'When there are well-pleaded factual allegations, a court should assume their veracity and *then* determine whether they plausibly give rise to an entitlement to relief.'"  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

3

**IV.    Discussion**

Defendants contend that the complaint must be dismissed because, pursuant to Title IV of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 481, *et seq.*, a lawsuit to set aside the result of a union election may be brought only by the U.S. Secretary of Labor.  (Mem. at 13-16.)

Defendants are correct.  "The exclusive remedy which Congress has created for challenging a union election, *see* 29 U.S.C. § 483, is a suit by the Secretary to declare the election void and to direct the conduct of a new election." *Wirtz v. Loc. Unions 410, 410A, 410B, & 410C, Int'l Union of Operating Eng'rs*, 366 F.2d 438, 442 (2d Cir. 1966).  "This suit may only be brought after a union member has made a proper complaint to the Secretary and after the Secretary has made a finding of probable cause to believe that a violation of 481 has occurred." *Id.*; *see also Calhoon v. Harvey*, 379 U.S. 134, 140-41 (1964) (stating that the LMRDA "sets up an exclusive method for protecting Title IV rights, by permitting an individual member to file a complaint with the Secretary of Labor challenging the validity of any election because of violations of Title IV"); *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 531 (1972) (stating that the LMRDA "prohibits union members from initiating a private suit to set aside an election").

Plaintiffs allege that Defendants' conduct during the union election violated Local 1181's bylaws and procedures, seeking (1) an annulment of the June 6, 2025 election and (2) a new election under the supervision of a court-appointed referee.  (*See generally* Compl.)  This complaint is squarely preempted by Title IV of the LMRDA.  Indeed, Plaintiffs do not contend otherwise—or address this argument at all—in their opposition.  Accordingly, because the LMRDA vests the Secretary of Labor with the exclusive right to bring an action challenging the

results and conduct of a union election, *see* 29 U.S.C. §§ 482, 483, Plaintiffs' complaint must be dismissed for failure to state a claim.

## V.    Conclusion

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' complaint is GRANTED.  The Clerk of Court is directed to terminate the motion at ECF Number 9, to enter judgment of dismissal, and to close the case.

SO ORDERED.

Dated:  June 9, 2026
       New York, New York

_____
J. PAUL OETKEN
United States District Judge